IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR106-092 |
| | ) | |
| VINCENT SAVAGEAU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is Defendant Vincent Savageau's Motion for Compassionate Release (Doc. 215), which the Government has opposed (Doc. 218). For the following reasons, Defendant's motion (Doc. 215) is **DENIED**.

### BACKGROUND

In September 2006, Defendant pled guilty to (1) one count of conspiracy to rob commercial businesses, in violation of 18 U.S.C. § 1951; (2) two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d); and (3) one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 54.) Defendant was sentenced to a total term of 248 months' imprisonment. (Doc. 77 at 2.) In September 2008, the Eleventh Circuit affirmed Defendant's conviction and sentence.[1] (Doc. 96 at 3.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at

---

[1] United States v. Savageau, 292 F. App'x 895 (11th Cir. 2008).

Federal Correctional Institution ("FCI") Tucson located in Tucson, Arizona, with a projected release date of July 10, 2024. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on March 3, 2021).

## ANALYSIS

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic and his medical conditions. (Doc. 215 at 1.) The Government opposes Defendant's request on the grounds that Defendant has not presented an extraordinary and compelling reason for compassionate release and that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. (Doc. 218 at 1.) The Court finds that Defendant's motion is due to be denied.[2]

I.   ELIGIBILITY FOR COMPASSIONATE RELEASE

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure

---

[2] To the extent Defendant requests that the Court appoint him counsel, his request is **DENIED**. The Eleventh Circuit has "held that a prisoner has no constitutional or statutory right to counsel for an 18 U.S.C. § 3582(c)(2) motion for compassionate release." United States v. Courson, 835 F. App'x 546, 546 (11th Cir. 2021); United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009). The Court finds that Defendant has capably presented his request for compassionate release in his present motion and, thus, the interests of justice do not demand the appointment of counsel. See United States v. Plowright, No. CR 107-167, 2021 WL 189145, at *2 (S.D. Ga. Jan. 19, 2021).

of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under

3

§ 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

The Government does not dispute that Defendant has exhausted his administrative remedies as required by § 3582(c)(1)(A). (Doc. 218 n.2.) Defendant requested compassionate release from the Warden of FCI Tucson on December 12, 2020 (Doc. 218, Attach. 1 at 1), and the Warden denied his request on December 16, 2020 (Doc. 215 at 3). Accordingly, the Court finds that Defendant has exhausted his administrative remedies as required by § 3582(c)(1)(A). See United States v. Cooper, No. 1:15-CR-00223, 2020 WL 6145109, at *2 (N.D. Ga. Sept. 11, 2020) (finding the defendant satisfied the § 3582(c)(1)(A) exhaustion requirement by filing his motion for compassionate release after the warden of his facility denied defendant's request for compassionate release). Because Defendant has exhausted his administrative

4

remedies, the Court will now consider whether Defendant has presented extraordinary and compelling reasons for compassionate release.

In seeking compassionate release, Defendant claims that he suffers from "multiple medical issues," that he feels lasting effects from his prior COVID-19 infection, and that he fears being re-infected with COVID-19. (Doc. 215 at 1.) In response, the Government acknowledges that Defendant tested positive for COVID-19 on November 10, 2020; however, the Government avers that Defendant remained asymptomatic throughout his infection and that Defendant has since recovered. (Doc. 218 at 14.)

The Court has reviewed Defendant's BOP medical records and does not find any evidence that Defendant has a qualifying medical condition. Although Defendant previously tested positive for COVID-19, Defendant remained asymptomatic during his infection and his medical records indicate that he has made a full recovery. (Doc. 218, Attach. 4 at 36-51, 84.) Further, Defendant's medical records do not evidence that he is currently suffering from any symptoms of COVID-19 or any other specific medical conditions. (Id. at 61.) The Court finds that these facts weigh against releasing Defendant due to any risks associated with becoming infected with COVID-19. See United States v. Reece, No. 16-20088-JAR, 2020 WL 3960436, at *6 (D. Kan. July 13, 2020) (noting that the defendant had recovered from COVID-19 and did not have severe

5

complications from the virus and finding that these facts cut against defendant's compassionate release request); United States v. Pinkston, NO: CR 606-026-1, 2020 3492035, at *2 (S.D. Ga. June 26, 2020) (determining that defendant's "health was not sufficiently compromised by COVID-19 to qualify as a serious medical condition" where defendant was hospitalized due to COVID-19, but made a full recovery).

Further, the Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, Defendant's motion (Doc. 215) is **DENIED** because Defendant has not demonstrated extraordinary and compelling reasons for compassionate release.

## II.  CONSIDERATION OF THE § 3553(a) SENTENCING FACTORS

Even if this Court found Defendant had presented extraordinary and compelling reasons for compassionate release, this Court would still deny Defendant's motion. In considering a defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). Section 3553(a) provides the following factors for the Court's consideration:

6

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed—
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentence and the sentencing range established . . .;
5) any pertinent policy statement . . .;
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh against release. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release where the district court found that, although the defendant had an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weighed against a sentence reduction); United States v. Rodd, 966 F.3d 740, 748 (8th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release based on the § 3553(a) factors); United States v. Pawlowski, 967 F.3d 327, 331

(3d Cir. 2020) (same); United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) (same).

In September 2006, Defendant pled guilty to (1) one count of conspiracy to rob commercial businesses, in violation of 18 U.S.C. § 1951; (2) two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d); and (3) one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 54.) Defendant was sentenced to a total term of 248 months' imprisonment. (Doc. 77 at 2.) In September 2008, the Eleventh Circuit affirmed Defendant's conviction and sentence. (Doc. 96 at 3.)

While the Court is sensitive to the concerns that Defendant has for his health and safety due to the COVID-19 pandemic, the Court finds that a reduction in his sentence is not warranted at this time. Considering the facts surrounding the current offense, namely that Defendant was directly involved with four armed bank robberies, the Court finds that reducing Defendant's sentence would also not reflect the seriousness of the offense. Notably, during the bank robberies, Defendant threatened to kill bank tellers and shoved a customer to the ground, seriously injuring the customer's face. Additionally, Defendant has over three years remaining on his sentence. See United States v. Harrell, CR 312-003-22, 2021 WL 77964, at *2 (S.D. Ga. Jan. 8, 2021) ("Defendant has nearly three years remaining on his sentence; early termination

8

of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.").

Reducing Defendant's sentence would also not promote respect for the law or provide adequate deterrence to future criminal conduct. Defendant has an extensive criminal history, including convictions for assault with intent to rob, possession of cocaine with intent to distribute, and possession of marijuana with intent to distribute. Defendant's substantial criminal history has ultimately rendered him a career offender. See United States v. Todd, NO. 9:17-CR-80231-ROSENBERG, 2020 WL 3839702, at *2 (S.D. Fla. July 8, 2020) (determining that the § 3553(a) sentencing factors weighed against the defendant's release, in part, because the defendant was a career offender). Yet, Defendant's period of incarceration has promoted respect for the law. In fact, Defendant has been sanctioned by the BOP at least ten times since his incarceration for the current offense, including sanctions for possessing intoxicants, fighting, and possessing a dangerous weapon. (Doc. 218, Attach. 3 at 1-3.) Accordingly, the Court finds that the § 3553(a) factors weigh against reducing Defendant's sentence. See United States v. Millhouse, No. 06-285-1, 2020 WL 6799170, at *6 (E.D. Pa. Nov. 19, 2020) ("With the amount of disciplinary infractions [defendant] has incurred thus far, his incarceration has not proven to have any deterrent effect on his

prohibitive conduct."); <u>United States v. Mingo</u>, CR 612-018-19, 2020 WL 5028770, at *2 (S.D. Ga. Aug. 25, 2020) (determining the § 3553(a) factors did not support releasing defendant, in part, because defendant had "been disciplined for possessing a hazardous tool, assault without serious injury, refusing to obey an order, and failing to follow safety regulations").

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. 215) is **DENIED.**

SO ORDERED this _4th_ day of March 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA